■ In the Matter of GARY GILLARD, Petitioner, v JOHN C. MALY, as Deputy Superintendent of Security, Shawangunk Correctional Facilitiy, et al., Respondents. [965 NYS2d 391]—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Shawangunk Correctional Facility which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding to challenge a tier II disciplinary determination finding him guilty of creating a disturbance. The Attorney General has informed this Court that, during the pendency of this proceeding, the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory surcharge has been refunded to his inmate account. Inasmuch as petitioner has received all the relief to which he is entitled, the petition must be dismissed as moot (*see Matter of Santiago v Fischer*, 101 AD3d 1206, 1206 [2012]; *Matter of Sykes v Fischer*, 98 AD3d 769, 770 [2012]). Petitioner's request in his reply brief for, among other things, lost wages and copying costs is denied (*see Matter of Harrison v Brooks*, 32 AD3d 1087, 1088 [2006]).

Rose, J.P., Lahtinen, Spain and Garry, JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.

■ In the Matter of KURELL BROWN, Petitioner, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [965 NYS2d 392]—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate, commenced this CPLR article 78 proceeding to challenge a tier III disciplinary determination finding him guilty of drug use. The Attorney General has informed this Court that the contested determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory $5 surcharge has been refunded to his inmate account. Inasmuch as petitioner has received all the relief to which he is entitled, the petition must be dismissed as moot (*see Matter of Murgo v Racette*, 100 AD3d 1244 [2012]; *Matter of Sykes v Fischer*, 98 AD3d 769, 770 [2012]).

Lahtinen, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the petition is dismissed, as moot, without costs.