Matter of Maye v Venettozzi (2018 NY Slip Op 00593)





Matter of Maye v Venettozzi


2018 NY Slip Op 00593


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

525055

[*1]In the Matter of RASHAD MAYE, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: December 13, 2017

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and

 Pritzker, JJ.

Rashad Maye, Albion, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding challenging a determination finding him guilty of violating certain prison disciplinary rules. The Attorney General has advised this Court that the determination at issue has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the $5 mandatory surcharge has been refunded to petitioner's inmate
account. We note that the loss of good time imposed as part of the penalty should also be restored to petitioner (see Matter of Worth v Venettozzi, 152 AD3d 844, 844 [2017]). Otherwise, given that petitioner has received all of the relief to which he is entitled, the petition must be dismissed as moot (see Matter of Arriaga v Capra, 153 AD3d 1542, 1542 [2017]; Matter of Serrano v Smith, 152 AD3d 854, 854 [2017]). Petitioner's request for compensation for wages lost from his assigned program is denied (see Matter of Gillard v Maly, 106 AD3d 1347, 1347 [2013]).
McCarthy, J.P., Egan Jr., Devine, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs.